IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY ASKERNEESE | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  12-7167 |
| | : | |
| NISOURCE, INC. and | : | |
| COLUMBIA GAS OF PENNSYLVANIA, INC. | : | |

## MEMORANDUM OPINION

Savage, J.                                                                April 4, 2013

In this employment discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"),[1] the defendants NiSource, Inc. ("NiSource") and Columbia Gas of Pennsylvania ("Columbia Gas"), both Ohio corporations with no connection to this district, have moved to dismiss or transfer the action to the Western District of Pennsylvania, where Columbia Gas has its principal place of business.[2]  The defendants argue that the balancing of private and public factors favors transfer to the Western District of Pennsylvania for the convenience of the parties and the witnesses.  They cite, undisputedly, that the Western District is where the plaintiff resides, defendants conduct business, and all conduct and evidence giving rise to the claims alleged in this action occurred.

Opposing the motion, plaintiff, Timothy Askerneese, who resides in the Western District of Pennsylvania, argues that venue under Title VII lies in any district in Pennsylvania, including the Eastern District of Pennsylvania.  He contends that because

---

[1] Citing 28 U.S.C. § 1332(a), plaintiff asserts federal jurisdiction based on diversity of citizenship. Although there is no diversity jurisdiction, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon plaintiff's Title VII claim.

[2] It is unclear from the complaint where NiSource's principal place of business is located.

the wrongful conduct occurred within the Commonwealth of Pennsylvania, he may file suit in any district in the state.  Additionally, he argues that the defendants have failed to meet their burden to justify transfer from the plaintiff's preferred forum.

After weighing all relevant factors and giving due consideration to the plaintiff's preference, we conclude that the private and public interests favor transferring this action to the Western District of Pennsylvania.  Therefore, the motion to transfer will be granted.

**Discussion**

The defendants bear the burden of demonstrating that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed forum will be more convenient for the parties and witnesses; and, (3) transfer will be in the interest of justice.  28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970).

Venue in Title VII actions lies in: (1) any district in the State where the unlawful employment practice was allegedly committed; (2) the district where the relevant employment records are maintained and administered; or, (3) the district where the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(f)(3).  If the defendant cannot be found in any of these districts, the action may be brought in the judicial district where the defendant has its principal place of business.  *Id.*

No one questions that the action could have been brought in the Western District of Pennsylvania.  It is the district where the alleged discriminatory and retaliatory conduct took place, where the relevant employment records are, and where the plaintiff

was working and would have continued to work but for the alleged unlawful employment practice. Accordingly, we must weigh the private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *Jumara,* 55 F.3d at 879-80.

Factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and, (9) public interest factors, such as congestion of court dockets and the local interest in deciding the controversy. *Jumara,* 55 F.3d at 879-80. Depending on the nature and facts of the case, these factors overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer. *See Shutte,* 431 F.2d at 24-25.

Here, the only factor favoring this forum is that the plaintiff has chosen it. All other factors are neutral or weigh in favor of transfer to the Western District of Pennsylvania.

*Plaintiff's Choice of Forum*

The plaintiff's choice of forum typically receives "paramount consideration." *Shutte,* 431 F.2d at 25; *see also Jumara,* 55 F.3d at 879 (observing that plaintiff's choice of venue "should not be lightly disturbed" (citation and quotation omitted)). However, the plaintiff's choice is given less deference because none of the operative facts underlying the claim occurred there.  *See TaiDoc Technology Corp. v. Diagnostics Devices, Inc.*, No. 12-2457, 2012 WL 3627423, at *2 (E.D. Pa. Aug 23, 2012);  *Lindley v. Caterpillar, Inc.,* 93 F.Supp.2d 615, 617 (E.D. Pa. 2000).  It is certainly entitled to even less deference where the plaintiff does not reside there and none of the alleged unlawful acts occurred there.

The plaintiff does not offer any reason why he filed his action in this district rather than in the Western District of Pennsylvania.  Apparently, this forum was chosen because his attorneys have their office here.  There is no other connection to this district.  Under these circumstances, where there are no operative facts that occurred in this district and the plaintiff does not reside here, his choice of forum will not be given paramount consideration.

*Defendants' Preferred Forum*

The defendants prefer to litigate this case in the Western District of Pennsylvania.  They provide services to twenty-six (26) counties in Central and Western Pennsylvania.  They have no contacts with the Eastern District of Pennsylvania.  They have no office or employees here.  They do not regularly conduct business here. Columbia Gas has its principal place of business in Canonsburg, Pennsylvania, which is located in the Western District of Pennsylvania.  Although there is no indication where

4

its principal place of business is, NiSource is an Ohio corporation.  In light of these concerns, together with the absence of any real connection to this district, this factor favors transfer.

### Where the Claim Arose

Where the claim arose implicates other factors in the analysis.  It involves questions of access to proof, choice of law, convenience of the parties and the witnesses, availability of witnesses, and efficiency concerns.  Hence, determining the place where the claim occurred will inform the evaluation of these other factors.

All conduct, evidence and witnesses giving rise to the claims alleged in this action are located in the Western District of Pennsylvania.  Accordingly, this factor weighs in favor of transfer.

### Relative Ease of Access to Sources of Proof

All records and witnesses relevant to the plaintiff's termination from employment are in the Western District of Pennsylvania.  Plaintiff has not identified any witness or other source of evidence located in the Eastern District.  On the other hand, the defendants claim that all witnesses and documents are located where Columbia Gas's principal place of business is - the Western District of Pennsylvania.  Thus, the source of proof factor clearly favors transfer.

### Relative Financial Status

The Western District of Pennsylvania is more convenient for all parties in terms of the relative financial and physical burdens.  The Western District is closer than the Eastern District to all the parties.  Plaintiff resides in Aliquippa, which is in the Western District of Pennsylvania.  Columbia Gas has its principal place of business in

Canonsburg, Pennsylvania, in the Western District.  NiSource is an Ohio corporation.
Both the plaintiff and the defendants' witnesses will have to travel to litigate the case
here.  Considering it will cost all parties more to litigate in this district rather than the
Western District of Pennsylvania, this factor weighs in favor of transfer.

*Availability of Compulsory Process*

It does not appear that the parties anticipate difficulties in compelling the
attendance of witnesses.  If so, availability of compulsory process is a neutral factor in
balancing the conveniences of the parties.  However, it is conceivable the plaintiff may
need to subpoena witnesses who are current or former employees of the defendants.
In that event, he would have difficulty requiring their attendance.  *See* Fed. R. Civ. P.
45(c)(3)(A)(ii) (2008) (witnesses may quash a subpoena if they are commanded to
travel more than 100 miles from where they reside or are employed).  The witnesses
reside or work in or near the Western District which is more than 100 miles from
Philadelphia.

The convenience of the witnesses is considered only to the extent the witnesses
may actually be unavailable for trial in a particular venue.  *Jumara,* 55 F.3d at 879;
*Brenner v. Consol.  Rail Corp.,* No. 09-1574, 2009 WL 2710241, at *3 (E.D. Pa. Aug.
26, 2009).  The parties have not demonstrated that witnesses will be unavailable in this
district.  Thus, this factor neither favors nor disfavors transfer.

*Practical Problems Affecting Expense and Efficiency*

The defendants contend that travel costs for the parties and witnesses would
make prosecution of this case in the Eastern District of Pennsylvania expensive and
inefficient.  Plaintiff contends that the distance is not significant.  He claims that

6

discovery could be efficiently conducted through electronic mail, CDs, and the United States Postal Service.

Plaintiff ignores the logistical and financial problems associated with deposing witnesses.  Undoubtedly, the parties will have to depose witnesses, including the plaintiff himself, regarding the facts surrounding the plaintiff's employment, termination and damages.  The plaintiff cannot expect these witnesses to travel here when they could be deposed and appear at trial closer to their homes.  Although discovery could properly take place, efficiency considerations regarding travel costs favor transferring the case.

*Public Interest Factors*

The defendants contend that the Western District of Pennsylvania has a public interest in adjudicating this case because the dispute involves residents of Western Pennsylvania and a large employer in that region.  They point to less congestion in that district than in this district.  They also assert that none of the conduct at issue occurred in the Eastern District of Pennsylvania.  Plaintiff argues that there is no local interest in this employment discrimination case and congestion is not an issue, as the median time from filing to disposition was comparatively lower in the Eastern District of Pennsylvania.

As of September 30, 2012, there were 14,257 cases pending in the Eastern District of Pennsylvania and only 2,064 cases pending in the Western District of

Pennsylvania.[3]   Given this disparity, transfer to the district having fewer outstanding cases is favored.

The Western District has an interest in having a dispute involving its residents, individuals and businesses resolved there, especially when the events occurred there. The Eastern District has no interest in the parties or issues.   Thus, the public interest factors favor transfer.

## Conclusion

After balancing all relevant competing interests, including the plaintiff's choice of forum and the private and public interests, we conclude the balance weighs in favor of transferring this case to the Western District of Pennsylvania.   Therefore, in the interest of justice, the motion to transfer venue will be granted and this case will be transferred to the Western District of Pennsylvania.

---

[3]   *See* U.S. District Court Civil Case Statistics, Table C, available at http://www.uscourts.gov/Statistics/JudicialBusiness/2012/statistical-tables-us-district-courts-civil.aspx (last accessed Apr. 4, 2013).